The STATE of Ohio, Appellee,

v.

SABATINE, Appellant.

[Cite as *State v. Sabatine* (1989), 64 Ohio App.3d 556.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55855.

Decided Sept. 25, 1989.

*John T. Corrigan,* Prosecuting Attorney, for appellee.

*Harry J. Caito,* for appellant.

THOMAS J. PARRINO, Judge.

Defendant Robin Sabatine was indicted by the Cuyahoga County Grand Jury on three counts, *viz.:* (1) involuntary manslaughter, with a gun specification, in violation of R.C. 2903.04; (2) carrying a concealed weapon, in violation of R.C. 2923.12; and (3) illegal possession of a firearm in a liquor permit premises, in violation of R.C. 2923.121.

At the close of the state's case in chief, and at the close of all the evidence, defendant made Crim.R. 29 motions for acquittal. The trial court denied both of defendant's Crim.R. 29 motions. The jury found defendant guilty as charged. On June 7, 1988, the trial court sentenced defendant as follows: on count one, to six to twenty-five years and three years for the gun specification; on count two, to two years; and, on count three, to one year. The sentences on all three counts were ordered to be served concurrently with each other. Defendant filed a timely notice of appeal assigning one error.

The relevant facts follow: On November 12, 1987, defendant left her home with her husband's .38 caliber revolver handgun because defendant's husband was very depressed and might attempt to take his own life. Defendant drove to Rosa Antonelli's apartment. Defendant removed all of the bullets from the weapon and placed them in her back pants pocket.

Once defendant was at Rosa's apartment, she went into the bathroom and placed four of the six bullets back into the gun. Defendant put the four bullets into the weapon because she feared they would rub together in her pocket and "go off." Defendant left two empty chambers in the gun because she could not find the safety on the weapon. Defendant placed the partially loaded revolver into the front waistband of her jeans and covered it with a bulky sweater she was wearing. Defendant and Rosa then drove to a liquor establishment named Doby's.

After approximately an hour at Doby's, defendant had consumed three beers. Defendant and Rosa Antonelli then left Doby's and proceeded to another liquor establishment known as California Nites.[1] Upon entering California Nites, defendant spoke briefly to her ex-husband and then walked into the ladies' room followed by Rosa.

Defendant walked into a toilet stall but did not know what to do with the handgun. Defendant testified: "the backs of those things are like damp, wet, slippery." Defendant did not wish to place the gun on the back of the toilet

---

1. The state established at trial that California Nites was the holder of D1, D2, D3, D3A and D6 liquor permits.

for fear the weapon would fall and discharge. Defendant then decided to "just forget about it and go home."

However, once outside the stall, defendant realized she probably would not make it home without using the toilet. Defendant then decided to double check the handgun to make sure the gun's hammer would strike an empty cylinder. Defendant pointed the gun at the ladies' room door and pulled the trigger. The .38 caliber handgun discharged one round through the ladies' room door and the bullet traveled across the crowded bar and struck Lola Honeycutt in the forehead. Honeycutt died after the shooting at Cleveland Metropolitan General Hospital. Defendant surrendered herself to police at the bar.

Defendant's sole assignment of error follows:

"The trial court erred in overruling the defendant-appellant's motion for judgment of acquittal, pursuant to Criminal Rule 29, on the charge of involuntary manslaughter, R.C. 2903.04, where the evidence presented was insufficient to sustain a conviction of such offense.

"A. The evidence was insufficient to sustain a conviction in that at the time the defendant-appellant caused the death of another, she was not committing or attempting to commit a felony as alleged in the indictment, to wit: illegal possession of a firearm in a liquor permit premises, R.C. 2923.121.

"B. The evidence was insufficient to sustain a conviction in that the death was not the proximate result of the defendant-appellant committing or attempting to commit a felony."

Defendant argues the trial court erred when it denied defendant's motion for acquittal since (1) the defendant did commit the underlying felony of illegal possession of a firearm in a liquor permit premises when she discharged the firearm, and (2) the death of the victim was not the proximate result of defendant's committing the underlying felony. Defendant's arguments are unpersuasive.

"The standard for determining whether a motion for acquittal is properly denied is set forth in *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus, as follows:

" 'Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal where the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.'

"A motion for judgment of acquittal under Crim.R. 29(A) should be granted only where reasonable minds could not fail to find reasonable doubt. *State v. Bridgeman, supra; State v. Martin* (1985), 19 Ohio St.3d 122, 130, 19 OBR

330, 337, 483 N.E.2d 1157, 1165." *State v. Apanovitch* (1987), 33 Ohio St.3d 19, 23, 514 N.E.2d 394, 399 (per curiam).

In the case *sub judice,* defendant was convicted of, *inter alia,* involuntary manslaughter in violation of R.C. 2903.04(A), which provides as follows:

"(A) No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit a felony."

Defendant was also convicted of violating R.C. 2923.121, illegal possession of a firearm in a liquor permit premises, which states in relevant part as follows:

"(A) No person shall possess a firearm in any room in which liquor is being dispensed in premises for which a D permit has been issued under Chapter 4303. of the Revised Code.

" * * *

"(D) Whoever violates this section is guilty of illegal possession of a firearm in liquor permit premises, a felony. * * * "

Thus, the state had the burden of establishing beyond a reasonable doubt that defendant committed a violation of R.C. 2923.121, illegal possession of a firearm in a liquor permit premises, at the time defendant caused the victim's death.

Defendant contends she did not commit illegal possession of a firearm in a liquor permit premises, and thus involuntary manslaughter, since at the time defendant discharged the .38 caliber handgun, defendant was not in a "room in which liquor is being dispensed." R.C. 2923.121. Instead, defendant was in the ladies' room in which no liquor was being dispensed.

Defendant admitted having possession of a .38 caliber handgun while in California Nites. The state established California Nites was a class D liquor permit holder. The state further established defendant pointed the .38 caliber handgun at the ladies' room door. Four of the weapon's six chambers were loaded and the remaining two were empty. Defendant discharged the weapon from within the ladies' room and caused the bullet to travel through the ladies' room door into a crowded bar area and strike the victim in the forehead.

■ Defendant was in violation of R.C. 2923.121 when she entered California Nites with a firearm and was in violation of R.C. 2923.121 while she was in the ladies' room. The means of ingress to and egress from the ladies' room at California Nites was through a door which led into the bar, the room in which liquor was being dispensed. Defendant cannot persuasively argue she was not committing illegal possession of a firearm in a liquor permit premises when she was in the ladies' room since the manner in which she entered that

room while in possession of a firearm would constitute a violation of R.C. 2923.121, *viz.*, to have possession of a firearm in a room dispensing liquor. While defendant was in the ladies' room of California Nites she had illegal possession of a firearm in a liquor permit premises. Thus, when defendant discharged the handgun which killed Lola Honeycutt, defendant was committing a felony, *viz.*, a violation of R.C. 2923.121.

Defendant further contends her violation of R.C. 2923.121 was not the proximate cause of the victim's death. This contention is unpersuasive. The term "proximate result" used in R.C. 2903.04, involuntary manslaughter, mandates that a person will be criminally responsible for causing the death of another only where the consequences of his conduct are direct, normal, and reasonably inevitable when viewed in the light of ordinary experience. *State v. Losey* (1985), 23 Ohio App.3d 93, 95, 23 OBR 158, 160, 491 N.E.2d 379, 382; *State v. Chambers* (1977), 53 Ohio App.2d 266, 272, 7 O.O.3d 326, 329, 373 N.E.2d 393, 396.

In the case *sub judice*, proximate result means that death could reasonably be anticipated by an ordinarily prudent person when the defendant brings a loaded firearm into a liquor permit premises and then points and discharges the weapon from inside the ladies' room while pointing the firearm at the door, behind which is a bar full of people. *Losey, supra*, 23 Ohio App.3d at 95, 23 OBR at 160, 491 N.E.2d at 382. R.C. 2923.121 prohibits firearms in liquor permit establishments. Clearly, this statute was designed to prevent shootings in liquor establishments. Defendant's reckless handling of the .38 caliber handgun was within the purview of R.C. 2923.121 and was the proximate result of the victim's death.

Considering the above, the trial court did not err when it denied defendant's Crim.R. 29 motion for acquittal since reasonable minds could have reached different conclusions as to whether the state proved each material element of involuntary manslaughter beyond a reasonable doubt. *Apanovitch*, 33 Ohio St.3d at 23, 514 N.E.2d at 399. Accordingly, defendant's sole assignment of error is not well taken and is overruled.

*Judgment affirmed.*

PATTON, P.J., and WIEST, J., concur.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, and MARK K. WIEST, J., of the Wayne County Court of Common Pleas, sitting by assignment.